NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 31 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10202 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00139-LJO-SKO-1 |
| v. | |
| GUMESINDO MENDOZA-MORENO, AKA Guminsindo Moreno-Mendoza, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted May 15, 2019
San Francisco, California

Before: McKEOWN and GOULD, Circuit Judges, and LASNIK,** District Judge.

On September 1, 2016, Gumesindo Mendoza-Moreno was indicted on one

count of being "found in" the United States in violation of 8 U.S.C. § 1326.

Mendoza-Moreno moved to dismiss the indictment as barred by the statute of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

limitations, and the district court denied the motion.  Mendoza-Moreno pled guilty to the offense but reserved the right to appeal the district court's denial of the motion to dismiss.  That challenge is the subject of this appeal.  We assume the parties' familiarity with the facts and do not recite them here.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The statute of limitations for offenses under 8 U.S.C. § 1326 is 5 years.  18 U.S.C. § 3282.  The statute of limitations begins to run when "an alien is discovered and identified by the immigration authorities."  *United States v. Hernandez*, 189 F.3d 785, 791 (9th Cir. 1999).  The "found in" element has two prongs: (1) immigration officials must know of the defendant's presence in the United States (presence), and (2) immigration officials must know that the defendant's presence is unlawful (status).  *See United States v. Rivera-Ventura*, 72 F.3d 277, 281–82 (2d Cir. 1995).

The federal circuit courts of appeals are divided on whether the status prong of the "found in" analysis requires actual, or merely constructive, knowledge of the defendant's unlawful presence.  *Compare United States v. Gomez*, 38 F.3d 1031, 1036–37 (8th Cir. 1994), *with United States v. Are*, 498 F.3d 460, 462 (7th Cir. 2007).  We have not yet decided the issue.  Mendoza-Moreno urges us to join the majority of circuits to consider the issue and hold that the status prong of the "found in" element is met when immigration officials knew or, "with the exercise

2

of diligence typical of law enforcement authorities could have discovered, the illegality of [the defendant's] presence." *Rivera-Ventura*, 72 F.3d at 281–82; *see also United States v. Clarke*, 312 F.3d 1343, 1347–48 (11th Cir. 2002); *United States v. Bencomo-Castillo*, 176 F.3d 1300, 1303–04 (10th Cir. 1999); *United States v. Santana-Castellano*, 74 F.3d 593, 598 (5th Cir. 1996); *Gomez*, 38 F.3d at 1035–37. We decline to weigh in on the circuit split because, under either test, the outcome in this case would be the same: Mendoza-Moreno cannot show that immigration officials actually knew or reasonably should have known that he was unlawfully present before 2015.

Under the actual knowledge standard, immigration officials did not discover Mendoza-Moreno's unlawful presence until 2015. United States Citizenship and Immigration Services ("USCIS") officers did not uncover Mendoza-Moreno's prior deportation records when in 2006 they searched for "Gumesindo Mendoza-Moreno"—the name given on Mendoza-Moreno's brother's I-130 petition. Instead, USCIS first became aware of Mendoza-Moreno's prior deportation, and unlawful status, only when they searched their database in 2015 using the name given on Mendoza-Moreno's daughter's I-130 petition—"Gumersindo Mendoza-Moreno." Under this analysis, the statute of limitations did not begin to run until 2015, and the 2016 indictment was timely.

Even applying a constructive knowledge standard, Mendoza-Moreno cannot show that immigration officials, with the exercise of reasonable diligence, should have found him before 2015.  Under the constructive knowledge standard, a defendant is "found in" the United States when "immigration authorities should have, through the exercise of reasonable diligence, discovered" that the defendant's presence was unlawful.  *Gomez*, 38 F.3d at 1038.  But "[w]hat constitutes reasonable diligence . . . var[ies] with the facts and circumstances of each case."  *United States v. Palomino Garcia*, 606 F.3d 1317, 1323 (11th Cir. 2010).

Here, the record shows that USCIS officers followed standard procedure when they reviewed Mendoza-Moreno's brother's I-130 petition in 2006 and there is nothing in the record to suggest that those procedures were unreasonable or that the officers were not reasonably diligent.  Christine Lee, an Immigration Services Officer who has worked in the California branch of USCIS since 2005, stated in her declaration that the standard procedure for reviewing I-130 petitions involves a background check "on both petitioner and beneficiary using all name and DOB variations provided by the petitioner in the Form I-130 and supporting evidence."  USCIS officers searched the Interagency Border Inspection System database in 2006 using the name provided in Mendoza-Moreno's brother's I-130 petition—

"Gumesindo Mendoza-Moreno." The search did not reveal any matches at all in the database.

Mendoza-Moreno's argument that USCIS officers should have conducted a "sounds like" search is not supported by the record. USCIS officers did conduct a "sounds like" search in 2015 around the time that their search for the name provided in Mendoza-Moreno's daughter's I-130 petition—"Gumersindo Mendoza-Moreno"—returned a match. But there is no evidence in the record that USCIS officials regularly ran "sounds like" searches in 2006, or that it was standard procedure to run a "sounds like" search when a name did not return any results in the database. From this record, we cannot conclude that reasonable diligence required a "sounds like" search in 2006 when the original search revealed no results.

Because we conclude that immigration officials exercising reasonable diligence would not have discovered Mendoza-Moreno's illegal status in 2006, Mendoza-Moreno was not "found in" the United States for the purposes of § 1326 at that time. Accordingly, even under the constructive knowledge standard, the statute of limitations on the "found in" offense did not begin to run until 2015, when agents had the information necessary to discover Mendoza-Moreno's unlawful presence through the exercise of reasonable diligence.

The district court correctly concluded that the indictment was filed within

5

the 5-year statute of limitations.  There was no error in denying the motion to dismiss the indictment.

**AFFIRMED.**